164

GENERAL TALKING PICTURES CORPORATION, Respondent, v. EMIL T. RINAS, Appellant, Impleaded with ABRAHAM LEVY and Another, Defendants.

First Department, May 29, 1936.

*Harry W. Moore*, for the appellant.

*Louis Zimmerman* of counsel [*M. A. Schlesinger*, attorney], for the respondent.

McAVOY, J. Plaintiff sues to recover the balance due under an agreement between the plaintiff and the defendant Rinas, whereby plaintiff licensed to Rinas its " Hollywood Junior DeForest Phonofilm " talking picture apparatus for his use. Under the agreement the apparatus always remains the property of the plaintiff, the exhibitor only paying a license fee for the use thereof.

On August 20, 1930, the defendant Rinas and his wife owned the " Tower Theatre " at Roslyn, N. Y., and at that time Mr. Rinas entered into a contract with plaintiff for the installation of certain moving picture equipment to be used for a period of ten years at a rental provided therein, payable in weekly installments for a period of one hundred and four weeks.

While the agreement refers to the Tower Theatre in Roslyn, N. Y., as " the theatre " wherein the apparatus is installed and to be operated, the license agreement further provided that if the exhibitor Rinas ceased to operate " the theatre," then the plaintiff would consent to the transfer thereof to another theatre upon the execution by the new proprietor of a new agreement, to which the original exhibitor shall be guarantor.

Subsequently and by agreement dated August 26, 1930, the defendants Levy and Swanson assumed the obligations of the original license agreement, and the plaintiff consented to the assignment by Rinas to the defendants Levy and Swanson only " upon the express condition, however, that both Emil T. Rinas and Abraham Levy and (Miss) A. Swanson the assignor and assignees therein named shall continue liable."

The equipment was thereafter used continuously until on or about March 18, 1931, when fire destroyed the Tower Theatre in Roslyn, N. Y., and on the next day, March 19, 1931, the then operators of this theatre (Levy and Swanson) did by letter request the plaintiff to remove its equipment from the theatre ruins. The fire did not reach the equipment, so that the plaintiff recovered the same from the ruins and has held the apparatus continuously for the defendants' use.

Plaintiff's equipment was used by defendants Swanson and Levy in the " Tower Theatre " for approximately seven months out of the ten-year term.

Plaintiff in this action has recovered from defendant Rinas the full consideration for the full ten years' use of the equipment plus $500 attorney's fees, less certain small payments made by Levy and Swanson during the seven months they operated the theatre.

Plaintiff accepted the agreement with Swanson and Levy containing the following provision: " And the said Abraham Levy and (Miss) A. Swanson does hereby unconditionally and irrevocably assume the obligations of the said license agreement and the terms and conditions contained therein, and of the payment of the notes furnished by Emil T. Rinas to General Talking Pictures Corporation pursuant to said license agreement, as well as any and all obligations and liabilities of the said Emil T. Rinas  *  *  *  equally

and effectually in all respects as if Abraham Levy and (Miss) A. Swanson had been originally and at all times hereafter the second party to said license agreement and the maker of said notes in the place and stead of Emil T. Rinas."

Defendant contends that the continued existence of the Tower Theatre at Roslyn, N. Y., where plaintiff's equipment was to be used during the ten-year term of the agreement, was an implied condition to defendant's liability for rental of such equipment, and the destruction of the theatre by fire and the removal and retention of its equipment thereafter by plaintiff ended all liability under the agreement.

It is also asserted that when the theatre building was destroyed by fire and Levy and Swanson gave plaintiff company notice thereof, and it voluntarily removed its equipment, the license was terminated by such action, and it could only require payment of rental to such date.

The agreement for rental of the equipment makes no provision for termination of liability for the agreed compensation in the event of destruction of the building in which it is placed, and since such a condition might have been provided against, the liability continues in the absence of such a provision for inability to perform. (*Harmony* v. *Bingham,* 12 N. Y. 99.) The debt evidenced by notes in the amounts of the weekly installments was all due and payable at the commencement of the action and none of the defenses as set forth in pleading and affidavits constitute grounds for relief from the liability thus imposed.

With respect to the provision in the contract regarding attorney's fees, we conclude that judgment thereon should not have been allowed. The contract reads: " And the Exhibitor shall in such event [return of equipment] be liable to and pay the Company also all attorneys' fees and other expenses incurred in the collection thereof."

Nowhere is there any proof made indicating what the attorney's services consisted of, nor what is the fair and reasonable value thereof. The contract itself does not specify any amount, which would leave the question of the value of any attorney's services a subject for proof at the trial.

On a motion for summary judgment with no proof whatever offered to show the extent of such attorney's services, or the value thereof, it was error to arbitrarily direct summary judgment for $500.

The judgment should, therefore, be modified by allowing partial judgment for rent of the equipment under the terms of the agreement, and the action severed, and a new trial ordered with respect

to the claim for counsel fees; and as so modified affirmed, without costs.

MARTIN, P. J., O'MALLEY, GLENNON and COHN, JJ., concur.

Judgment unanimously modified by allowing partial judgment for rent of the equipment under the terms of the agreement, the action severed and a new trial ordered with respect to the claim for counsel fees; and as so modified affirmed, without costs. Settle order on notice.